UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SEBASTIAN MOORE,<br><br>Plaintiff,<br><br>v.<br><br>LORILLARD TOBACCO COMPANY,<br><br>Defendant. | CIVIL ACTION NO. 1:12-10278-cv |

## COMPLAINT AND DEMAND FOR JURY TRIAL

### NATURE OF THE ACTION

1. Plaintiff Sebastian Moore, a 47-year-old, African-American man, brings this action for damages arising out of injuries that he sustained as a result of the unlawful conduct of Defendant Lorillard Tobacco Company ("Lorillard") which caused him to begin smoking Newport cigarettes from the time he was a young teenager. As a result of Lorillard's conduct, Moore became addicted to Newport cigarettes while he was still a teenager, struggled with a life-long addiction and now suffers from end-stage cancer.

2. Lorillard introduced Newport cigarettes in or about 1957. At all times relevant to this action, Lorillard marketed Newport as a "fun cigarette" directed an "immature audience" in an effort to induce children and teenagers, particularly African-American children and teenagers, to begin smoking Newport cigarettes. Lorillard knew that smoking was addictive and caused cancers and other fatal diseases and was otherwise hazardous to human health and that many of these new smokers would, therefore, become addicted and develop life-threatening smoking-related illnesses, as did Sebastian Moore.

607135.1

3. Newport is, by far, the largest selling brand of cigarettes in the African-American community. Lorillard took six major steps in furtherance of its efforts to accomplish its objectives for the Newport brand.

4. First, Lorillard designed, manufactured and distributed Newport cigarettes to be addictive and carcinogenic.

5. Second, Lorillard added menthol to ease smoking initiation and continued smoking.

6. Third, Lorillard distributed free cigarettes to children and teenagers (including Sebastian Moore) on multiple occasions.

7. Fourth, Lorillard published advertisements targeting African-Americans, including advertisements in media that served the African-American community and advertisements that featured Newport cigarettes as an integral part of the aspirations and lifestyles of African-Americans.

8. Fifth, for decades and continuing to date, Lorillard has misled, deceived and confused the public, including Sebastian Moore, regarding the overwhelming evidence that cigarette smoking causes fatal disease. Although Lorillard, through industry trade associations of which it was a member, including the Tobacco Industry Research Committee ("TIRC"), promised that it would lead the effort to discover and disclose the truth about smoking and health, Lorillard has, in fact, systematically suppressed and concealed material information and waged an aggressive campaign of disinformation about the health consequences of cigarette smoking. Lorillard has taken these actions even though it has known for years, based on the industry's own research and independent

research, that its products, including Newport cigarettes, injure and kill consumers when used exactly as intended.

9. Sixth, for decades and continuing to date, Lorillard has misled, deceived and confused the public, including Sebastian Moore, regarding the overwhelming evidence that cigarette smoking is addictive. For many decades, Lorillard has known, on the basis of industry and independent research, that the nicotine in its cigarettes is addictive. At the same time, Lorillard has developed techniques to manipulate and control the nicotine delivery of its cigarettes so as to create and sustain addiction in smokers, including Sebastian Moore. Yet publicly, Lorillard has denied that nicotine is addictive and that it manipulates the nicotine delivery of cigarettes. In April 1994, Andrew H. Tisch, then President and Chief Executive Officer of Lorillard, testified under oath before the Congressional Subcommittee on Health and the Environment that nicotine is not addictive.

10. Lorillard has engaged in this course of conduct despite its knowledge that the vast majority of new smokers are children and teenagers. Moreover, Lorillard has employed marketing techniques such as Newport cigarette sampling or giveaways in urban neighborhoods designed to attract African-American children and teenagers and to place cigarettes in their hands.

11. Plaintiff Sebastian Moore seeks damages for the wrongful conduct alleged in this Complaint, based on Breach of the Implied Warranty of Merchantability (Count I), Negligence (Count II), Voluntary Undertaking of a Duty (Count III) and Violation of Chapter 93A (Count IV).

## PARTIES

12. Plaintiff Sebastian Moore is a resident of Barrington, Rhode Island. Plaintiff was born in Boston, Massachusetts and grew up in the Roxbury section of Boston. Plaintiff lived in Boston continually until he was 27 years old, more or less.

13. Defendant Lorillard Tobacco Company is a Delaware corporation with its principal place of business at 714 Green Valley Road, Greensboro, North Carolina 27408.

14. Lorillard introduced Newport cigarettes in or about 1957, and since its introduction of Newport cigarettes, Lorillard has designed, manufactured, marketed, sold, and distributed Newport cigarettes, including in Massachusetts.

15. Lorillard did and continues to do business in the Commonwealth of Massachusetts; made contracts to be performed in whole or in part in the Commonwealth; and/or manufactured, tested, sold, offered for sale, supplied, or placed in the stream of commerce, or in the course of business, materially participated with others in so doing, cigarettes; and performed such acts as were intended to, and did, result in the sale and distribution in the Commonwealth of cigarettes from which Lorillard derived substantial revenue, directly or indirectly.

16. Lorillard caused tortious injury by acts or omissions in the Commonwealth, and/or caused tortious injury in the Commonwealth by acts or omissions outside the Commonwealth.

## JURISDICTION AND VENUE

17. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332(a)(1), because the parties are citizens of different states and because the amount in controversy is greater than $75,000. This Court has personal jurisdiction over Lorillard pursuant to G.L. c. 223A, §§ 2 and 3.

18. Venue is proper in Massachusetts pursuant to 28 U.S.C. § 1391(a).

**FACTUAL BACKGROUND**

19. Starting in or about 1979, and continuing for several years thereafter, Sebastian Moore attended Newport cigarette giveaway events conducted by or on behalf of Lorillard in a variety of locations in the Boston area, including Washington Park, Dudley Square, Warren Street, Marcella Park, and downtown Boston. Sebastian Moore was a teenager when Lorillard's representatives and/or agents handed him free samples of Newport cigarettes. At no time during these giveaway events, did any Lorillard representative and/or agent refuse to give Sebastian Moore Newport cigarettes because of his age.

20. Mr. Moore began smoking Newport cigarettes that he received in Newport cigarette giveaway events when he was a young teenager. He started smoking Newport cigarettes, in part, because he had access to them at no cost on a frequent basis through the Newport cigarette giveaway events conducted by Lorillard; in part, because the menthol in the cigarettes made them easier to smoke; and in part, because of the widespread advertising for Newport cigarettes.

21. Mr. Moore's preference for Newport cigarettes was also influenced in part by Lorillard's advertising and marketing of Newport cigarettes to the African-American community. Mr. Moore saw and was influenced by advertisements placed by Lorillard in magazines, billboards and other media when he was a teenager and at other times throughout his life. Such advertisements featured attractive men and women smoking Newport cigarettes and claimed that "Newport smokes fresher than any other menthol cigarette," among other claims.

5

607135.1

22. When Mr. Moore began smoking Newport cigarettes as a young teenager, and for years thereafter, he was unaware that cigarette smoking causes a number of smoking-related illnesses, including cancers of the lung, and that the nicotine in Newport cigarettes is addictive. Further, at the time Mr. Moore began smoking Newport cigarettes, he was unable to appreciate the health risks and addictive nature of smoking, including the risk of becoming addicted to Newport cigarettes and of contracting cancer from smoking.

23. At all times relevant to this Complaint, Mr. Moore was unaware that Lorillard added menthol to its Newport cigarettes to facilitate the initiation of smoking and the development of a smoking habit in children.

24. Mr. Moore has been a regular smoker of Newport cigarettes for over 30 years and has smoked Newport cigarettes almost exclusively. Until 2009, when he was diagnosed with cancer, he smoked approximately a pack a day. Since 2009, Mr. Moore has cut back to around three cigarettes per day.

25. At all times relevant to this Complaint, Lorillard, directly or through trade organizations of which it was a member knowingly made two critical material misrepresentations and/or omissions to the public, including to Mr. Moore: first, Lorillard denied that smoking caused cancers and other serious life-threatening diseases, claiming that this link had not been proven; and second, Lorillard denied that cigarettes (or, more precisely, the nicotine in cigarettes) was addictive.

26. Lorillard made the representations these representations knowing them to be false and knowing that they were contradicted by a substantial body of evidence, including evidence developed by Lorillard and other cigarette manufacturers, indicating that nicotine is not only addictive, but is the reason why people, including Mr. Moore, smoked. Rather

than acknowledging what it has known for years – namely, that the primary, if not sole, function of nicotine is to provide a pharmacological effect on the smoker that leads to addiction – Lorillard has instead used various misleading euphemisms to conceal the true role of nicotine, such as "satisfaction," "impact," "strength," "rich aroma," and "pleasure." Even very recently, top Lorillard executives have claimed falsely that nicotine is important in cigarettes for taste.

27. Lorillard has manipulated and controlled the nicotine levels in its products, including Newport cigarettes, to create and sustain smokers' addiction to cigarettes.

28. Lorillard has also employed marketing and/or promotional techniques and strategies such as the Newport giveaway events that Sebastian Moore attended. These techniques and strategies were designed to put Lorillard's Newport cigarettes in the hands of minors and were conducted with reckless disregard for whether the persons to whom its cigarettes were distributed were minors; at a minimum, the giveaways were conducted in a manner which was grossly negligent.

29. Lorillard has known and/or should have known for years that Newport cigarettes cause human diseases, including cancers of the lung, including adenocarcinoma, and contain carcinogenic additives that increase the dangers of smoking. Lorillard, directly and through trade associations of which it was a member, concealed and/or failed to disclose to Mr. Moore the true facts about the health hazards of smoking Newport cigarettes, including their highly addictive qualities, at the time he began smoking and for many years thereafter. Lorillard's concealment of and/or failure to disclose the true facts about smoking, addiction and disease caused or was a substantial contributing factor in

causing Mr. Moore to begin smoking, to become addicted to Newport cigarettes, to continue smoking and ultimately to develop his fatal cancer.

30. Mr. Moore continued to smoke, in part, because he was influenced by the decades-long campaign of disinformation in which Lorillard participated through the trade associations of which it was a member. This campaign was intended to, and did, mislead the public, including Mr. Moore, about the health risks of smoking by making it appear as if there were a genuine dispute among scientists about the link between smoking and human disease. The intended effect of the campaign was to create doubt in the minds of smokers as to whether smoking really was injurious to their health and justifying their decision to continue to smoke.

31. This campaign of disinformation worked so well that Mr. Moore remained confused about the health risks of smoking and was unconvinced that smoking caused human disease until his own diagnosis of adenocarcinoma in 2009.

32. Mr. Moore became addicted to Newport cigarettes and, as alleged herein, has smoked for more than 30 years. Although Mr. Moore has tried to quit smoking on a number of occasions, he has been unable to stop smoking Newport cigarettes for more than brief periods.

33. In November, 2009, Mr. Moore was diagnosed with adenocarcinoma of the lung. He has undergone multiple cycles of chemotherapy, but now has metastatic disease, and his prognosis is poor.

34. Mr. Moore has experienced and continues to experience substantial physical and emotional pain and suffering as a result of his cancer.

607135.1

## COUNT I
### (Breach of Implied Warranty of Merchantibility)

35. Plaintiff restates and incorporates herein the foregoing paragraphs of his Complaint as if fully realleged herein.

36. Lorillard has been engaged for many years in the business of testing, designing, manufacturing, advertising, marketing, selling, and/or distributing, and placing into the stream of commerce its cigarettes, including Newport cigarettes, throughout the United States, including in Massachusetts.

37. At all relevant times, Lorillard intended that the consuming public of Massachusetts, including Sebastian Moore, would smoke its Newport cigarettes. Newport cigarettes were in fact consumed by citizens in Massachusetts, including children under the age of 21, such as Sebastian Moore, in substantially the same condition in which they were originally manufactured.

38. Lorillard, as the manufacturers, sellers, marketers and/or distributors of Newport cigarettes, impliedly warranted that such cigarettes were merchantable and fit for the ordinary purposes for which they were intended.

39. Lorillard breached this warranty because the Newport cigarettes it manufactured, sold and distributed were defective and unreasonably dangerous to users and consumers, including Sebastian Moore.

40. At all times relevant to this action, Sebastian Moore used and consumed the Newport cigarettes manufactured, sold and/or distributed by Lorillard in the manner in which Lorillard intended and expected such cigarettes to be used and consumed.

41. As a result of Lorillard's wrongful conduct, Mr. Moore suffered the injuries for which he is entitled to recover the damages sought in this Complaint.

## COUNT II
### (Negligence)

42. Plaintiff restates and incorporates herein the foregoing paragraphs of his Complaint as if fully realleged herein.

43. Lorillard owed Sebastian Moore a duty to exercise reasonable care.

44. Lorillard breached its duty to exercise reasonable care in numerous respects, as set forth more fully in this Complaint, including but not limited to the following breaches:

   a. Lorillard failed to exercise reasonable care in the designing, testing, marketing, promoting, selling and/or distributing of Newport cigarettes;

   b. Lorillard failed to exercise reasonable care in making representations and providing complete and accurate information to the public, including Sebastian Moore, about smoking, health and addiction;

   c. Lorillard failed to exercise reasonable care in distributing Newport cigarettes at Newport giveaways by knowingly distributing samples of such cigarettes to minors, including Sebastian Moore, in violation of G.L. c. 270, § 6; and

   d. Lorillard failed to exercise reasonable care in marketing Newport cigarettes, including at Newport giveaways, by intentionally and/or negligently inducing minors, including Sebastian Moore, to smoke samples of Newport cigarettes.

45. As a result of Lorillard's negligence, Mr. Moore received, smoked and became addicted to Newport cigarettes, has continued to smoke for more than 40 years and has now developed adenocarcinoma of the lung.

46. As a result of Lorillard's negligence, Sebastian Moore suffered the injuries for which he is entitled to recover the damages sought in this Complaint.

607135.1

## COUNT III
### (Voluntary Undertaking Of Duty)

47. Plaintiff restates and incorporates herein the foregoing paragraphs of his Complaint as if fully realleged herein.

48. Beginning in 1954, Lorillard voluntarily undertook a duty to the American public, including Sebastian Moore, to accept an interest in the public's health as a basic and paramount responsibility, and, in furtherance of that responsibility, agreed to cooperate closely with those who safeguard the public health; agreed to aid and to assist the research effort into all aspects of tobacco use and human health; agreed to continue to research and otherwise to undertake all possible efforts to learn all the facts and to discover the truth about smoking and health; and finally, agreed to disclose to the American public complete and accurate information about the effects of cigarette smoking on human health.

49. Lorillard assumed this duty, and reiterated its assumption of this duty over a period of years, in order to persuade smokers to continue to smoke; that is, it undertook the duty in furtherance of its business interests. By virtue of Lorillard's voluntary assumption of the duty alleged herein, Lorillard had a duty to disclose to the American public, including Sebastian Moore, all material facts that it knew or should have known about the health hazards of smoking cigarettes, including their highly addictive and carcinogenic qualities.

50. Lorillard failed to exercise reasonable care in performing the duty that it voluntarily undertook. More specifically,

    a. Lorillard did not accept an interest in the public's health as a basic and paramount responsibility;

    b. Lorillard did not cooperate closely with those who safeguard the public health;

11

    c. Lorillard did not aid and assist the research effort into all aspects of tobacco use and human health;

    d. Lorillard did not continue research and otherwise undertake all possible efforts to learn all the facts and to discover the truth about smoking and health; and

    e. Lorillard did not disclose to the American public complete and accurate information about the effects of cigarette smoking on human health.

51. Lorillard's failure to exercise reasonable care in performing the duty that it voluntarily undertook resulted in physical harm to Sebastian Moore, and his injuries. Lorillard's failure to exercise reasonable care increased the risk of such harm to Sebastian Moore above and beyond what it would have been had Lorillard not publicly represented that it was going to engage in the undertaking at all.

52. Lorillard never publicly retracted or otherwise withdrew from its undertaking, or otherwise informed the public, of which Sebastian Moore was a part, that it could no longer rely on Lorillard's performance of its voluntarily assumed duty.

53. Instead of truthfully disclosing what it knew about smoking, Lorillard acting through the industry organizations of which it was a member, attempted to persuade the American public, particularly smokers, that the medical evidence was inconclusive as to whether or not cigarette smoking was, in fact, injurious to health.

54. As a result of Lorillard's wrongful conduct, Mr. Moore suffered the injuries for which he is entitled to recover the damages sought in this Complaint.

## COUNT IV
**(Violation of the Massachusetts Consumer Protection Act, Chapter 93A)**

55. Plaintiff restates and incorporates herein the foregoing paragraphs of his Complaint as if fully realleged herein.

12

607135.1

56.	Lorillard has committed unfair and deceptive acts and practices in violation of the Massachusetts Consumer Protection Act, G.L. c. 93A, § 2(a) and regulations promulgated thereunder in at least the following respects:

    a.	By manufacturing, selling and distributing Newport cigarettes to Sebastian Moore in an unreasonably dangerous and defective condition in violation of Lorillard's implied warranty of merchantability, as more fully alleged herein;

    b.	By distributing free cigarettes to Sebastian Moore at Newport giveaways, as more fully alleged herein, in violation of G.L. c. 270, §6, which outlaws the distribution of cigarettes to minors, because Section 6 is a law "meant for the protection of the public's health, safety or welfare," and the violation of such a law constitutes a violation of Chapter 93A, pursuant to 940 C.M.R. §3.16(3).

    c.	By breaching its voluntarily assumed duty, as more fully alleged herein; and

    d.	By failing to make a reasonable offer of settlement in response to Plaintiffs' demand letter pursuant to G.L. c. 93A, §9(3), as more fully alleged herein.

57.	Each of the violations alleged above was a willful or knowing violation of Section 2 of the Massachusetts Consumer Protection Act, G.L. c. 93A.

58.	By letter dated January 4, 2012, plaintiff sent a demand for relief to Lorillard in accordance with G.L. c. 93A, § 9(3). Lorillard responded to plaintiff's demand for relief by letter dated February 3, 2012, but failed to include with its letter a written

tender of settlement reasonable in relation to the injuries suffered by Sebastian Moore, or any other offer of settlement.

59. As a proximate result of Lorillard's wrongful conduct, Sebastian Moore developed adenocarcinoma of the lung, and suffered the injuries for which he seeks to recover the damages sought in this Complaint.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Sebastian Moore requests that this Honorable Court enter judgment against Defendant Lorillard Tobacco Company, as follows:

A. Enter judgment for compensatory damages in the Plaintiff's favor in an amount warranted by the evidence at trial;

B. Enter judgment in the plaintiff's favor under G.L. c.93A, award treble damages, costs and attorneys' fees as warranted by the evidence at trial and in accordance with Mass. Gen. L. c. 93A, §9; and

C. Award such other and further relief as this Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

**PLAINTIFF DEMANDS A TRIAL BY JURY OF ALL CLAIMS SO TRIABLE.**

Plaintiff SEBASTIAN MOORE,

By his attorneys,

s/ Thomas Frisardi
Michael D. Weisman, BBO #521000
mweisman@davismalm.com
Thomas Frisardi, BBO #552479
tfrisardi@davismalm.com
Davis, Malm & D'Agostine, P.C.
One Boston Place, 37th floor
Boston, MA 02108
(617) 367-2500

Dated: February 13, 2012

607135.1